CIVIL COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: HOUSING PART R

-----------------------------------------------------------X

TAMEIKA HORNE,

Petitioner,

-against-

GISELLA LAN,

Respondent.

-----------------------------------------------------------X

INDEX 82857/2009
**DECISION/ORDER**

**JOHN LANSDEN, J.H.C.:**

Petitioner herein is the tenant of record for the subject apartment. Respondent, LAN, is the subtenant who entered into possession in or about the end of 2005 or the beginning of 2006. The parties agreed that Respondent would sublet the subject apartment at the rate of $900.00 per month.

Over the course of time, the relationship has soured. Petitioner now seeks possession of the subject apartment. Petitioner further stated that Respondent has not paid rent since April 2009 at the rate of $1,000.00 per month.

Respondent raised numerous defenses relating to the nature of the housing and Petitioner's failure to obtain permission to sublet the apartment. Respondent essentially argued, under an equity doctrine, that Petitioner's unclean hands should bar her from seeking possession and entitle Respondent to become the tenant of the apartment.

The Court rejects Respondent's arguments while Petitioner's action may entitle the landlord to commence eviction proceedings against her, they do not bar the instant proceeding. Petitioner, at the date of trial, had a superior interest in the premises than Respondent. As such, Petitioner is entitled to seek possession.

Based on the foregoing, Petition is granted a final judgment of possession in the amount of $5,000.00 as all rent through September 2009. Issuance of the warrant of eviction is stayed

ten (10) days for payment. If payment is made, the warrant will be further stayed through December 31, 2009 on condition that use and occupancy is paid by the 10th each month commencing October 2009. Respondent must vacate by December 31, 2009. If there is a default, warrant may execute after service of marshal's notice of eviction.

This constitutes a decision and order of this Court.

Dated: September 29, 2009
Kings, New York

John S. Lansden, J.H.C.

HON. JOHN S. LANSDEN

Blumberg's Law Products ® B 307—Thirty Days Notice Terminating Monthly Tenancy or Tenancy from Month to Month: 6-2000
(In N.Y.C. serve in same manner as a Notice of Petition)

©2000 BY BlumbergExcelsior, Inc., NYC 10013
www.blumberg.com

April 6 2009

Re: Premises: 1310 Pennsylvania Avenue
9/1 rooms 9 Floor side Apt. No. 9F
at
used for ☐ Business ☑ Dwelling purposes.

TO:

Under Tenant and, Undertenant*

Gisella G. Lan
1310 Pennsylvania Ave. Apt 9F
Brooklyn NY 11239

First name of Tenant and/or Undertenant being fictitious and unknown to petitioner, person intended being in possession of the premises herein described

or assigns, and every person in possession of the premises.

You are hereby notified that the Landlord elects to terminate your tenancy of the above described premises now held by you under monthly hiring. Unless you remove from the said premises on May 31 2009, the day on which your term expires, the Landlord will commence summary proceedings under the Statute to remove you from said premises for the holding over after the expiration of your term and will demand the value of your use and occupancy of the premises during such holding over.

The subject of premise is not subject to rent control or rent stabilization. The lease for the premise is between the owner of the premise and the prime tenant. Under tenant has No Lease.

Dated: April 6 2009

Tameika Horne Prime Landlord

Tameika Horne Prime Agent

299 Decatur st, Bklyn NY 11233 Address

* Use window envelope if mailed to tenant

X 211 — Original notice of petition, Uniform Rules, 22NYCRR 210.42(b). 10-97
Prepare 1 original. Use corresponding side of No. X210C for carbon copies.

Blumberg's Law Products

BlumbergExcelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF Kings

Index No. L & T 09K082857

Tameika L. Horne
Petitioner (~~Landlord~~) Prime Tenant

against

Gisella G Lan
Respondent (Tenant) Under-
1310 Pennsylvania Ave. Apt 9F Bklyn NY 11239 Address

Respondent (Undertenant)

First name of Tenant and/or Undertenant being fictitious and unknown to petitioner,
Person intended being in possession of the premises herein described*

# NOTICE OF PETITION HOLD OVER

Petitioner's Residence:
299 Decatur St
Brooklyn NY 11233

Business Address:

To the respondent[s] above named and described, in possession of the premises hereinafter described or claiming possession thereof:

PLEASE TAKE NOTICE that a hearing at which you must appear will be held at the Civil Court of the City of New York, Part to be held at 141 Livingston Street, Brooklyn NY 11239 County of Kings. on at am/pm, on the annexed petition of Tameika L. Horne which prays for a final judgment of eviction, awarding to the petitioner the possession of premises designated and described as follows: the All rooms on the 9th floor, Apartment No. 9F at 1310 Pennsylvania Avenue 9F Brooklyn NY 11239 City of New York, County of Kings and further granting to the petitioner such other and further relief as is demanded in the petition, which you must answer.

*TAKE NOTICE also that demand is made in the petition herein for judgment against you, the respondent, for the sum of $ with interest thereon from

TAKE NOTICE that your answer may set forth any defense or counterclaim you may have against the petitioner.

TAKE NOTICE also that if you shall fail at such time to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

**TAKE NOTICE also that your answer may be made at the time of hearing specified above unless this Notice of Petition is served upon you on or before in which event you must answer at least 3 days before the petition is noticed to be heard, either orally before the clerk of the court at his or her office or in writing by serving a copy thereof upon the undersigned attorney for the*** petitioner, and by filing the original of such written answer with proof of service thereof in the office of the clerk at least 3 days before the time the petition is noticed to be heard; in addition thereto, you must appear before the court at the time and place hereinabove set forth for the hearing.

TAKE NOTICE that your failure to appear and answer may result in final judgment by default for the petitioner in the amount demanded in the petition.

TAKE NOTICE that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or a payment of use and occupancy to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

Dated:

~~Attorney(s) for~~ Petitioner Pro Se
Office & Post Office Address, Telephone

Tameika L. Horne
299 Decatur ST.
Brooklyn, NY 11233 718 781-0700

Clerk

IMPORTANT TO TENANT — If you are dependent upon a person in the military service of the United States or the State of New York, advise the Clerk immediately, in order to protect your rights

*Delete if inapplicable.
**Delete this paragraph if the Notice of Petition is not served at least 8 days prior to the return date.
***If the petitioner appears in person, strike out the words "undersigned attorney for the"

Blumberg's Law Products X 210—Original Petition. Hold Over: Summary Proc.: Civil Court. 10 pt type, 1-95
Prepare 1 original. Use corresponding side of X210C for carbon copies

©1986 BY BlumbergExcelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF Kings

Tameika L. Horne — Prime Tenant Petitioner (~~Landlord~~)
Giselle G. Lan — Under Respondent (Tenant)
1310 Pennsylvania Avenue Apt. 9F Brooklyn, NY 11239 — Address
Respondent (Undertenant)
First name of Tenant and/or Undertenant being fictitious and unknown to petitioner, Person intended being in possession of the premises herein described*

Index No.
L & T 09K082857

**PETITION**
**Hold Over**

THE PETITION OF Tameika L. Horne prime tenant ~~owner and landlord~~ of the premises shows that:

1. The undersigned is Tameika L. Horne ~~of~~ the Petitioner ~~, a domestic corporation.~~

2. Respondent Giselle G. Lan is under tenant of the premises, entered into possession under rental agreement made on or about 5/06 between respondent and prime tenant ~~landlord (landlord's predecessor)~~, for month to month starting 5/06 ~~ending~~ and continued therein pursuant to said agreement.

Respondent is undertenant of the aforementioned respondent tenant.

3. The premises are described as follows: All rooms, 1310 Pennsylvania Ave Apt 9F Brooklyn NY 11239, 9th floor which is situated within the territorial jurisdiction of the Civil Court of the City of New York, County of KINGS

4. The term for which said premises were rented by the respondent tenant expired on 5/31/09

5. The respondents continue in possession of the premises without permission of the landlord, or of the petitioner, after the expiration of said term.

*

6.** The premises is a rent stabilized apartment. The lease for the premises is between the prime tenant and the landlord. Undertenant has no lease

7. ☐ The premises are not a multiple dwelling. ☑ The premises are a multiple dwelling and pursuant to the Administrative Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement in which the owner has designated the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

| Multi. Dwell. Regis. No. | Registered Managing Agent's Name | Address (either) Residence Business | Tel. (opt.) To call for repair & service |
|---|---|---|---|
| 374653 | Alice Cardinale | 1279 Delmar Loop, Bklyn, NY 11239 | |

†Petitioner lacks written information or notice of any address where the respondent tenant—resides—is employed—has a place of business—has its principal office—place of business in New York State, other than the address of the property sought to be recovered.

At least 30 days before the expiration of the said term the respondent tenant was served in the manner provided for by law with a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this petition, that the landlord elected to terminate the said tenancy and that unless the said tenant removed from said premises on the day on which said term expired the landlord would commence summary proceedings under the statute to remove said tenant therefrom.

Petitioner requests final judgment: awarding possession of the premises to the petitioner-landlord; issuance of a warrant to remove respondents from possession thereof; judgment for rent in arrears against respondent tenant for $ ; fair value of use and occupancy; interest from ; costs and disbursements herein.

Dated: 7/24/09 [signature] Petitioner Tameika Horne
Print or type name

STATE OF NEW YORK, COUNTY OF Kings ss.: The undersigned**

☑ petitioner ☐ attorney for petitioner (petitioner is not within the county in which deponent's office is located)
☐ agent for petitioner ☐ of petitioner (petitioner is a corporation)

being duly sworn states that deponent has read *heard* the petition,

☐ the contents of the petition are true to deponents own knowledge except as to those matters which are alleged on information and belief. As to them deponent believes them to be true. ☑ The material allegations are within the personal knowledge of deponent
☐ the information stated above is from the books and records of the petitioner

Sworn to before me on 7/24/09 [signature]
Print name beneath signature.

WANDA GONZALEZ
COMMISSIONER OF DEEDS
City of New York - No. 2-9932
Certificate Filed in Kings County
Commission Expires May 1, 2011
[signature]

Petitioner's ~~attorney~~ Pro Se
P.O. Address
Tameika L. Horne
299 Decatur St.
Brooklyn, NY 11233

* Other grounds, etc., for removal; notice under RPL §232(b) ** See instructions on reverse side. † Strike out if inapplicable

Index No. L & T

**Civil Court of the City of New York**
**County of** Kings

Tameika L. Horne

Petitioner (~~Landlord~~ Prime Tenant)

against

Gisella G. Las

Respondent (Tenant)

Under

Respondent (Undertenant)

Premises 1310 Pennsylvania Ave. 4F, Brooklyn, NY 11239

# PETITION HOLD-OVER

Resp. answered on ......................................

Answer is ......................................

......................................

......................................

Counterclaim ......................................

Trial set for ......................................

Landlord notified ......................................

Tenant notified ......................................

Dated: ......................................

...................................... J.C.C.

| ADJOURNMENTS: | MEMORANDA |
| --- | --- |
| | |

~~Attorney(s) for~~ Petitioner Pro Se

*Office, Post Office Address and Telephone Number*

Tameika L. Horne
299 Decatur ST.
Brooklyn, NY 11233
718 781-0700

**Instructions to complete No. 6.**

*Choose the appropriate allegations, A, B, or C, and type or print them after No. 6.*

A. The apartment is subject to rent control and the rent demanded herein does not exceed the maximum rent prescribed by the New York State Division of Housing and Community Renewal (DHCR).

B. The apartment is presently subject to the Rent Stabilization Law of 1969, as amended, because:

*If you choose B, include 1, 2, 3 or 4.*

1. It was subject to the Rent Stabilization Law on June 30, 1974.
2. It became subject to the Rent Stabilization Law on July 1, 1974. It had been subject to the Rent Stabilization Law on June 30, 1971, but was destabilized prior to July 1, 1974, because of a vacancy which occurred between July 1, 1971 and June 30, 1974;
3. It became subject to Rent Stabilization Law on July 1, 1974. It had been subject to the City Rent Law (rent control) on June 30, 1971, but was decontrolled prior to July 1, 1974, because of a vacancy which occurred between July 1, 1971 and June 30, 1974;
4. It became subject to the Rent Stabilization Law on                It had been subject to the City Rent Law (rent control) on June 30, 1974, but was thereafter decontrolled because of a vacancy which occured on

*If you choose A or B, include the following language.*

and the owner of the premises: has registered rents and services with the DHCR pursuant to the Administrative Code; is in compliance with the Rent Stabilization Law and Code; and the rent demanded herein does not exceed the legal regulated rent permitted the owner under said Law, Code and appropriate Rent Guidlines Board Orders.

C. The apartment is not subject to any of the foregoing by reason of                *add language describing the reason.*

State of New York, County of ss.: State of New York, County of ss.:

**SERVICE BY PERSONAL DELIVERY**

being duly sworn, deposes and says that deponent is not a party to this proceeding, is over 18 years of age and resides at

That on at No.

deponent served the within notice of petition and petition on

*strike out either (a) or (b)*

(a) respondent therein named, by delivering a true copy of each to said respondent personally; deponent knew the person so served to be the person described as said respondent therein. Deponent describes the individual as

☐ male ☐ female height weight hair color age

(b) a corporation, respondent therein named, by delivering a true copy thereof to personally; deponent knew said corporation so served to be the corporation described therein as said respondent and knew said individual to be the thereof.

*Sworn to before me on*

**AFFIDAVIT AS TO LAST RESIDENCE**

being duly sworn, deposes and says that he is the agent of Petitioner in the within proceeding.

That the property sought to be recovered is No.

and is the respondent's residence or corporate respondent's principal office or principal place of business.

Petitioner has written information that the above address is the last residence of respondent.

*Sworn to before me on*

**SERVICE OTHER THAN BY PERSONAL DELIVERY**

*strike out inapplicable statements*

*State of New York, County of* *ss.:* being sworn, says, that deponent is not a party to this proceeding, is over 18 years of age and resides at No. Deponent was unable to serve respondent by personal delivery. The property sought to be recovered is No.

On at o'clock M. deponent served the within notice of petition and petition

**SUBSTITUTED SERVICE** by gaining admittance to said property and delivering to and leaving a copy thereof personally with a person of suitable age and discretion, who was willing to receive same and who — resided — was employed — at said property

**CONSPICUOUS PLACE SERVICE**
☐ by affixing a copy thereof upon a conspicuous part, to wit: — the entrance door of said property;
☐ by placing a copy thereof under the entrance door of such premises;
deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to receive same.

**MAILING** and within 1 day thereafter, on by mailing a copy thereof enclosed in a postpaid properly addressed wrapper to respondent at the property sought to be recovered which is respondent's residence or corporate respondent's principal office or principal place of business by registered-certified-mail and by regular first class mail.

*use either (a) or (b) if applicable*

(a) which is individual respondent's last — residence address — place of business or employment address.

(b) which is corporate respondent's last known principal office or principal place of business within the state by depositing the same in —post office — official depository under the exclusive care and custody of the United States Postal Service within the state.

*Sworn to before me on*

........................................................

L & T Index No.

**Civil Court of the City of New York**

**County of** KINGS *Part*

Tameika L Horne

*Petitioner* ~~(Landlord)~~ Prime Tenant

*against*

Gisella Galan

Undertenant

*Respondent (Tenant)*

*Respondent (Undertenant)*

# Notice of Petition-Hold Over

~~Attorney(s) for~~ *Petitioner* Pro Se

*Office, Post Office Address and Telephone Number*

Tameika L. Horne
399 Decatur ST.
Brooklyn NY 11233
718 781-0700

Attempt: APRIL 17, 2009 @ 6:07 P.M.

*State of New York, County of* KINGS ss.: **SERVICE OTHER THAN BY PERSONAL DELIVERY**

Joseph Hair being duly sworn, deposes and says, that deponent is over 18 years of age and resides at Bronx, N.Y.C.

Deponent was unable to serve GISELLA G. LAN tenant by personal delivery.

The property sought to be recovered is No. # 1310 Pennsylvania Avenue, Apt # 9F

On APRIL 29, 2009 @ 11:31 A.M. BROOKLYN, NEW YORK 11239 9th Flr, Bldg# C6 deponent served the within notice

strike out inapplicable statements

**SUBSTITUTED SERVICE** by gaining admittance to said property and delivering to and leaving a copy thereof personally with a person of suitable age and discretion, who was willing to receive same and who — resided — was employed — at said property

**CONSPICUOUS PLACE SERVICE** X ☒ by placing a copy thereof under the entrance door
X ☒ by affixing a copy thereof upon a conspicuous part, to wit XXX the entrance door of said property; deponent was unable to gain admittance thereat or to find a person of suitable age and discretion willing to receive same.

**MAILING** and within 1 day thereafter, on APRIL 30, 2009 by mailing a (2) copy thereof enclosed in a postpaid properly addressed wrapper to tenant at the property sought to be recovered which is tenant's residence or corporate tenant's principal office or principal place of business by *registered certified* mail,

and an additional copy No. # 1310 Pennsylvania Avenue Apt # 9F, 9th Flr Brooklyn, New York 11239 Bldg.# C6

use either (a) or (b) if applicable

(a) which is individual tenant's last XXX residence address — place of business or employment address
(b) which is corporate tenant's last known principal office or principal place of business within the state by depositing the same in — a post office — official depository under the exclusive care and custody of the United States Postal Service within the state.

*Sworn to before me on* 5/8/09

HAYDA GONZALEZ
COMMISSIONER OF DEEDS
City of New York - No. 2-9932
Certificate Filed in Kings County
Commission Expires May 1, 2011

# 1023605 Joseph Hair

*State of New York, County of* ss.: **SERVICE BY PERSONAL DELIVERY**

being duly sworn, deposes and says that deponent is not a party to this proceeding, is over 18 years of age and resides at

That on at No.

deponent served the within notice on

strike out either (a) or (b)

(a) tenant therein named, by delivering a true copy of each to said tenant personally; deponent knew the person so served to be the person described as said tenant therein.

Deponent describes the individual served as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☐ Black Hair | | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ White Hair | ☐ 21-35 Yrs. | ☐ 5'0" - 5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | ☐ Balding | ☐ 36-50 Yrs. | ☐ 5'4" - 5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | | ☐ 51-65 Yrs. | ☐ 5'9" - 6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

(b) a corporation, tenant therein named, by delivering a true copy thereof to personally; deponent knew said corporation so served to be the corporation described therein as said tenant and knew said individual to be the thereof.

*Sworn to before me on* ..............................

Civil Court of the City of New York Index Number 105551/09
County of KINGS Motion Cal. # ______ Motion Seq. # ______
Part P

TAMEKA HORNE,

Claimant(s)/Plaintiff(s)/Petitioner(s)
*against*

ANDRE WRIGHT,

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits .............................. | |
| Replying Affidavits.................................. | |
| Exhibits .............................................. | |
| Other.................................................. | |

Upon the foregoing cited papers, the Decision/Order on this Motion to

After a digitally recorded trial of this is as follows: licensee proceeding commenced by petitioner, the prime tenant of apt 9-F in the building located at 1310 Pennsylvania Avenue (the "Apartment") which is located in the complex known as Starrett City against respondent Andre Wright the Court makes the following findings of fact and conclusions of law.

Initially, there is no dispute that respondent Andre Wright is married to Gisela Lan. Nor is there any dispute that petitioner commenced a proceeding against Gisela Lan to terminate her monthly tenancy and that an after trial judgment issued against Gisela Lan from Housing Judge Lansden pursuant to a decision and order (the paper) dated September 24, 2009. Concededly, respondent Andre Wright appeared with

Date

Judge, Civil Court

CIV-GP-85 (Revised, September, 1999)

**Civil Court of the City of New York**
County of KINGS
Part P

Index Number 103551/09
Motion Cal. # ______ Motion Seq. # ______

TAMEIKA HORNE,

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ANDRE WRIGHT

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................ | |
| Replying Affidavits.............................. | |
| Exhibits ........................................ | |
| Other............................................ | |

Upon the foregoing cited papers, the Decision/Order on this Motion to Gisela Lam at the trial of that matter, participated is as follows: in the trial and testified at the trial. However, after the trial, he made a motion to Housing Judge Lansden which, among other things, noted that he had not been named as a party to that proceeding. The motion's other elements were denied but the court noted that the warrant of eviction was as to Gisela Lam only and "not to any other adult occupants.... and is without prejudice" to a proceeding against him. Petitioner thereafter commenced this licensee proceeding against respondent.

Petitioner testified that she is the prime tenant of the Apartment and otherwise credibly testified to her prima facie case. The Court finds that she sustained her burden in establishing her prima facie case. In this regard, the

Date

Judge, Civil Court

2 of 6

**Civil Court of the City of New York**
County of KINGS
Part P

Index Number 10355/09
Motion Cal. # ______ Motion Seq. # ______

TAMEKA HORNE

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ANDRE WRIGHT

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................ | |
| Replying Affidavits............................... | |
| Exhibits .......................................... | |
| Other.............................................. | |

Upon the foregoing cited papers, the Decision/Order on this Motion to ______ is as follows:

Petitioner credibly testified that Gisela Lan was her subtenant and that she was not aware the respondent was married to Gisela Lan or, indeed, occupied the Apartment with Gisela Lan. In this regard, petitioner testified (with testimony unrebutted by Gisela Lan who was present for the trial and sitting at counsel table although not a party to this proceeding and who participated at trial by giving respondent questions to ask petitioner during cross-examination) that several men appeared at the Apartment and several of them, in addition to respondent, paid rent for the Apartment on behalf of Gisela Lan.

Respondent testified. He testified that he resides in the Apartment with Gisela Lan. He further testified that the pleadings were defective because he is not

______
Date

______
Judge, Civil Court

3 of 6

**Civil Court of the City of New York**
County of KINGS
Part P

Index Number 103551/09
Motion Cal. # ______ Motion Seq. # ______

TAMEIKA HORNE,

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

ANDRE WRIGHT,

Defendant(s)/Respondent(s)

**DECISION/ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................ | |
| Replying Affidavits.............................. | |
| Exhibits ........................................ | |
| Other............................................ | |

Upon the foregoing cited papers, the Decision/Order on this Motion to a licensee of petitioner and, ostensibly since is as follows: he gave rent to her, he is a monthly tenant. He further testified that the envelope for the papers mailed to John & Jane Doe did not have "PERSONAL AND CONFIDENTIAL" as required by statute. He further testified that the copy of the papers which he received were different from the court papers. The Court finds that respondent failed to sustain his burden in establishing any meritorious defense to this licensee proceeding. Addressing his allegation of financial deficiency (all of respondent's exhibits were marked by the Court) the Court finds no difference between the original or served copies. The Court further finds that the envelope to John and Jane Doe does not have "PERSONAL AND CONFIDENTIAL" on its face but this acts as no bar

Date

Judge, Civil Court

4 of 6

**Civil Court of the City of New York**
County of KINGS
Part P

Index Number 113551/09
Motion Cal. # ________ Motion Seq. # ________

TAMEKA HORNE,

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ANDRE WRIGHT,

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits .............................. | |
| Replying Affidavits................................ | |
| Exhibits ............................................ | |
| Other................................................ | |

Upon the foregoing cited papers, the Decision/Order on this Motion to

to a judgment in this proceeding on dismissing **is as follows:**

grounds as to respondent, since he is pointing out these things, clearly is not denying service on himself and did not say so during his testimony. Addressing the substance, the Court finds completely credible petitioner's testimony that Gisela Lan was her tenant and that any payments of rent made by respondent were on behalf of Gisela Lan. Respondent therefore never became an occupant who may credibly be a tenant from month to month. Respondent is a licensee and petitioner properly commenced a licensee proceeding against him. Any remaining contentions by respondent the Court finds not credible or devoid of merit.

Accordingly, petitioner is awarded a final judgment of possession against respondent, Andre Wright.

______________________ ______________________
Date Judge, Civil Court

5 of 6

**Civil Court of the City of New York**
County of KINGS
Part F

Index Number 103551/09
Motion Cal. # ______ Motion Seq. # ______

TIMIEKA HERNE,

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

ANDRE WRIGHT,

Defendant(s)/Respondent(s)

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | |
| Order to Show Cause and Affidavits Annexed..... | |
| Answering Affidavits ............................. | |
| Replying Affidavits............................... | |
| Exhibits .......................................... | |
| Other............................................. | |

Upon the foregoing cited papers, the Decision/Order on this Motion to As petitioner is awarded a final judgment is as follows: of possession against Andre Wright, a final judgment of possession also is awarded after inquest as against John and Jane Doe. Issuance of the warrants of eviction are stayed five (5) days.

The trial was digitally recorded 12/11/09 at FTR 5C6. The trial was a Double Pro Se proceeding with none of the parties represented by Counsel.

This is the decision and order of the Court (one paper) which is handed to the parties in Open Court on 12/11/09.

12/11/09
Date

[signature]
Judge, LAURIE L. LAU
JUDGE, HOUSING COURT

6 of 6

CIV-GP-85 (Revised, September 1999)

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF KINGS PART O**
**DECISION AND JUDGMENT**

INDEX # 103551/2009
JUDGMENT SEQ # 001

HORNE, TAMIKA L

Petitioner(s)

**AGAINST**
WRIGHT, ANDRE
DOE, JOHN
DOE, JANE

Respondent(s)

---

**Decision and judgment is** rendered based upon a decision made after trial as follows:

Judgment of possession is granted in favor of:
HORNE, TAMIKA L
and against
WRIGHT, ANDRE

A counterclaim is granted in favor of the respondent in the amount of $0.00 (which if not being entered separately is offset and reflected in the total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements in the amount of $0.00 in favor of:
HORNE, TAMIKA L
and against
WRIGHT, ANDRE

for a total amount of $0.00

(Monthly use and occupancy is set at $0.00 per month, as per order, stipulation or decision in record.)

Warrant to issue as per stip/order Execution

Date 12/11/09

Judge, Civil/Housing Court

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on ______

Chief Clerk, Civil Court

Warrant issued to Marshal ______ On ______

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF KINGS PART D**
**DECISION AND JUDGMENT**

INDEX # 103551/2009
JUDGMENT SEQ # 002

HORNE, TAMIKA L

Petitioner(s)

**AGAINST**
WRIGHT, ANDRE
DOE, JOHN
DOE, JANE

Respondent(s)

---

**Decision and judgment is** rendered based upon a decision made after an inquest was held as follows:
Judgment of possession is granted in favor of:
HORNE, TAMIKA L
and against
DOE, JOHN
DOE, JANE
A counterclaim is granted in favor of the respondent in the amount of $0.00 (which if not being entered separately is offset and reflected in the total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements in the amount of $0.00 in favor of:
HORNE, TAMIKA L
and against
DOE, JOHN
DOE, JANE

for a total amount of $0.00

(Monthly use and occupancy is set at $0.00 per month, as per order, stipulation or decision in record.)

Warrant to issue as per stip/order Execution

Date 12/4/09

Judge, Civil/Housing Court

JUDGE ... L. LAU HOUSING COURT

Section 5020(c) of the Civil Practice Law and Rules requires that a satisfaction be filed with the clerk when the judgment is satisfied. Failure to do so subjects the judgment creditor to penalties.

**ENTRY OF JUDGMENT**

Judgment entered in accordance with the above on ______________

Chief Clerk, Civil Court

Warrant issued to Marshal ______________ On ______________

CIV-LT-50(2006)

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
HOUSING PART R , RM. 403
NOVEMBER 16, 2009

INDEX NO. 082857/2009
MOTION SEQUENCE NO.: 001

HORNE TAMEIKA
PETITIONER(S),

AGAINST

LAN GISELLA G
RESPONDENT(S)

DECISION/ORDER

PRESENT:

JOHN S. LANSDEN
JUDGE

RECITATION, AS REQUIRED BY CPLR 2219(A), OF THE PAPERS CONSIDERED IN THE REVIEW OF THIS MOTION OF VACATE 9/29/09 DECISION/ORDLR

| PAPERS | NUMBERED |
|---|---|
| NOTICE OF MOTION AND AFFIDAVITS ANNEXED....... | |
| ORDER TO SHOW CAUSE AND AFFIDAVITS ANNEXED.... | |
| ANSWERING AFFIDAVITS.......................... | |
| REPLYING [illegible]DAVITS............................ | |
| EXHIBITS. ............................ | |
| STIPULATIO[illegible] ............................ | |
| OTHER | |

UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS AS FOLLOWS:

After oral argument, the [illegible] is granted to the extent of vacating the [illegible] decision & the judgment of possession & [illegible] [illegible] to commence a plenary action. The Court denies all other relief sought other than to make clear that the [illegible] & [illegible] pertains only to the named Respondent Gisella Lan and not to any other adult occupants. This Order is without prejudice to Petitioner commencing any other proceedings to recover possession of the subject apartment [illegible] Sheriff's [illegible].

DATE 11/20/09

JUDGE, CIVIL/HOUSING COURT

ADJOURNMENTS

GENERATED: 11/04/2009 @ 13:37:54 CIV-LT-85 (7/99) (REPLACES 43-2030)