UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                          Chapter 13
                                                                                    Case No. 10-47956-ess
GISELA G. LAN,

                Debtor.
-------------------------------------------------------------x

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

      WHEREAS, on August 23, 2010, Gisela G. Lam (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code; and

      WHEREAS, on September 8, 2010, Tameika L. Horne (the "Movant") filed a motion seeking relief from the automatic stay (the "Lift Stay Motion") with respect to real property located at 1310 Pennsylvania Avenue, Apt. 19F, Brooklyn, New York 11239 (the "Property"); and

      WHEREAS, the Debtor is the Movant's tenant and has not paid rent since September 2008; and

      WHEREAS, the monthly rent on the Property is $1,000; and

      WHEREAS, on September 29, 2009, the Kings County Civil Court- Housing Part R issued an order granting a final judgement of possession in the amount of $5,000 representing the rent owed through September 2009, and ordered that the Debtor must vacate the Property by December 31, 2009; and

      WHEREAS, the Debtor did not vacate the property by December 31, 2009; and

      WHEREAS, on August 24, 2010, the Debtor submitted a check in the amount of $50 to the Clerk of the Court, and the Clerk of the Court issued a notice of compliance and intent to cure pre-petition judgment for possession pursuant to Bankruptcy Code Sections 362(b)(22) and

362(1); and

WHEREAS, on September 8, 2010, the $50 check was mailed to the Property, not the Movant's current address, and the Movant did not receive the check; and

WHEREAS, the deadline to cure the Debtor's monetary default on the Property was September 22, 2010; and

WHEREAS, Bankruptcy Code Section 362(d)(1) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay "for cause, including lack of adequate protection of an interest in property of such party in interest"; and

WHEREAS, Bankruptcy Code Section 362(d)(2) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay "if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization"; and

WHEREAS, on September 23, 2010, the Court held a hearing on the Lift Stay Motion at which the Movant appeared and was heard, and the Debtor did not appear, and the Court granted the Lift Stay Motion;

NOW, THEREFORE, it is hereby

ORDERED, that, based upon the entire record, and in the absence of opposition, relief from the automatic stay is granted pursuant to Bankruptcy Code Sections 362(d)(1) and 362(d)(2) to allow the Movant to pursue her rights under applicable state law with respect to the Property.

Dated: Brooklyn, New York
September 27, 2010

_____
Elizabeth S. Stong
United States Bankruptcy Judge

**TO:**

**Gisela G Lan**
1310 Pennsylvania Avenue
Brooklyn, NY 11239

**Marianne DeRosa**
Standing Chapter 13 Trustee
100 Jericho Quadrangle
Suite 208
Jericho, NY 11753

**Tameika Horne**
299 Decatur Street
Brooklyn, NY 11233